IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES T. WINKLER,   *

Petitioner   *

v.   *   Civil Action No. PWG-15-889

DAVID HELSEL,   *

Respondent   *

\*\*\*

**MEMORANDUM OPINION**

The District Court of Maryland for Harford County found Charles T. Winkler incompetent to stand trial and also found that he posed a danger to himself or the person or property of another, and it committed him to the Department of Mental Health and Mental Hygiene. Commitment Order, ECF No. 5-4. Winkler challenges that commitment in his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1. Respondent David Helsel argues that the Petition should be dismissed because Winkler was lawfully confined and in any event, he failed to exhaust his administrative remedies. Resp. 1, ECF No. 5. Respondent also contends that, alternatively, it should be dismissed as moot because Petitioner has been released. *Id.* After reviewing these papers, I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). Because Winkler was released and never found guilty, there were no collateral consequences to his confinement. Therefore, the Petition is DENIED and DISMISSED.

Winkler was charged with unauthorized removal of property in the District Court of Maryland for Harford County on January 5, 2015. Printed State Ct. Docket, ECF No. 5-1; *see*

*also* Online State Ct. Docket, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=3R00099571 &loc=34&detailLoc=DSCR. The court ordered a pretrial competency evaluation, Commitment for Examination Order, ECF No. 5-2, and Kimberly A. Witczak, Psy. D., evaluated him and reported that, in her opinion, he did "not have a factual and rational understanding of the nature and object of the proceedings against him and a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and "because of a mental disorder, [he] would be a danger to self and/or the person and property of others." Pre-Trial Eval. 5, 6, ECF No. 5-3. On January 15, 2015, the court found Winkler incompetent to stand trial and dangerous because of his mental disorder and committed him to the Department of Health and Mental Hygiene (the "Department"), ordering that he be transported to Spring Grove Hospital. Commitment Order. The Commitment Order also scheduled a status conference for July 15, 2015, and set the annual review required under Maryland law for January 18, 2016. *Id.*

On April 7, 2015, Winkler filed a petition for habeas corpus with the Maryland Court of Special Appeals, which referred the petition to the District Court for Harford County's Administrative Judge. Pet., ECF No. 5-5;[1] Referral Order, ECF No. 5-7. When Winkler filed his Petition in this Court in March 2015, his state court petition had not been resolved, and neither party has provided an updated status of that petition.

At a May 18, 2015 status hearing, the District Court of Maryland for Harford County found that Winkler was competent to stand trial and ordered him released from commitment at Spring Grove. Release from Commitment Order, ECF No. 5-8. He was committed again on

---

[1] The exhibit is mostly illegible due to poor scanning of the document.

July 11, 2016, and then released again on August 9, 2016, at which time his criminal case was placed on the stet docket. Online State Ct. Docket.

*Discussion*

This Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he *is in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). But, "[a] habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).

Thus, federal habeas relief is unavailable where a petitioner "suffers no present restraint from a conviction." *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). Release from state custody does not always moot a claim for habeas relief, as the collateral consequences of a criminal conviction—such as the loss of the right to vote or to serve as a juror—may create "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (quoting *Fiswick v. United States*, 329 U.S. 211, 222 (1946)). If there are no collateral consequences upon release, however, then the petition is moot. *See Broughton v. North Carolina*, 717 F.2d 147, 149 (4th Cir. 1983) (holding that petitioner's misdemeanor contempt conviction did not carry any collateral consequences as petitioner would not be prevented from voting, serving on a jury, obtaining a law license, becoming a labor union

official, or qualifying for elective office, and would not be exposed to enhanced sentencing should he commit a later crime; thus, petitioner's release from confinement mooted the claim).

In *Jackson v. Director of Patuxent Institution*, 360 F. Supp. 138, 138–39 (D. Md. 1973), the court considered whether collateral legal consequences existed after a petitioner, who had been adjudicated a "defective delinquent" and confined at Patuxent Institution, was released from the institution after a finding by medical staff that he had been rehabilitated. The court found that there were no collateral consequences flowing from petitioner's civil commitment and his release mooted his habeas claim. *Id.* at 139. The Court held:

> Unlike a criminal conviction, it cannot be presumed that there exist collateral legal consequences flowing from such a determination [of being a "defective delinquent"]. It is merely a decision in the rehabilitation process regarding the proper method of rehabilitation, which, due to its seriousness, is clothed with a large measure of due process rights. It is not a finding of guilt. No express collateral legal consequences attach to the determination. There are certainly direct consequences, for example, the indefinite sentence. However, once the sentence terminates, no other effects of a legal nature appear to continue to be felt by the individual beyond those that arise as a consequence of the underlying conviction. Since none is presumed to exist, absent a showing of the existence of collateral legal consequences, the release from Patuxent Institution of a petitioner will render moot an attack on the constitutionality of the defective delinquency determination.

*Id.* (internal citations omitted).

Here, Winkler, a former patient in a state mental institution who has not been convicted of a crime, does not suffer any collateral consequences now that he has been released from his commitment. His release based upon a finding of competency renders his Petition moot. *See id.* Additionally, the injury for which Winkler sought a remedy, i.e., his confinement, cannot be "redressed by a favorable judicial decision," as he already has been released. *See Spencer*, 523 U.S. at 7 ("[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with,

an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" (quoting *Lewis*, 494 U.S. at 477)). Accordingly, the Petition shall be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Winkler has not met this standard. By separate Order which follows, the Petition for Writ of Habeas Corpus shall be dismissed and a Certificate of Appealability denied.

11/8/17
Date

Paul W. Grimm
United States District Judge